IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| vs. | * | No. 4:08CR00382-001 SWW |
| | * | |
| DAVID HOOKS | * | |
| | * | |
| | * | |

**Memorandum Opinion and Order**

Pending before the Court is defendant's motion to suppress. The government filed a response to the motion and defendant filed a reply to the government's response. The Court held an evidentiary hearing on May 22, 2009. At the conclusion of the hearing, the Court ruled on the motion, granting it in part and denying it in part. The Court sets out its ruling below.

Defendant is the former chief of the Sheridan, Arkansas, police department. He was indicted on November 5, 2008, for embezzlement and mail fraud. The investigation of defendant for these offenses began in approximately November of 2007, when Brent Cole and Nathan Cook, employees of the Sheridan Police Department ("SPD"), complained to the Federal Bureau of Investigation ("FBI") that defendant was using city funds to purchase items for personal use.

Cole, formerly the jail administrator but now the assistant police chief over jail operations, testified that he and Cook, a police officer, went to defendant's new residence on September 29, 2007, at defendant's invitation, to install a microwave oven. Cook testified that he and Cole had been pursuing their investigation of defendant for about six months prior to their visit to defendant's residence. Cole and Cook both said they walked through an attached garage to go

into the house and saw large, unopened bags of Beneful dog food.  Cole said he had seen receipts for Beneful dog food but had not seen Beneful dog food at the dog pound or jail.  Cole and Cook also testified they saw receipts on the kitchen counter in defendant's home along side opened shopping bags containing cleaning supplies.  Cook testified the cleaning supplies were of interest because several receipts had come in from the SPD for the same type of cleaning supplies.  Cook said he noticed that the receipts on the counter had the same last four digits of the credit card issued to defendant in his role as police chief.

Kevin Griffin, who is the animal control officer for the SPD, testified that in late February/early March 2008, defendant asked him if he would feed his dogs while he was out of town for the weekend.  Griffin agreed; he testified the defendant had asked him four or five times before to feed his dogs.  Cole was present when the defendant asked Griffin to feed his dogs.  Griffin testified he went to defendant's house on a Friday and fed the dogs.  The dog food was stored in a garbage can located just inside the door of a detached gray storage building at defendant's residence.  Griffin testified that the defendant left one of the doors of the storage building unlocked so Griffin could go in to get the dog food.

The following day, Cole contacted Griffin and asked him if there were a lot of items in the storage building, also described as defendant's shop.  Griffin told Cole there were, and Cole asked Griffin if he would take photographs of what was in the shop.  Griffin agreed, and when he went to feed the dogs on Saturday, he brought his own digital camera and took photographs of the contents of the shop.  Griffin testified Cole had been asking about a Gravely lawnmower, and he knew that Cole had some questions about the dog food.  Cole testified he was particularly interested in a Gravely lawn mower which defendant had purchased with SPD funds but which

had not been seen on city property. Griffin took approximately fifty photographs of the contents of the building, which was approximately twenty-two feet wide and thirty feet long. He took the picture card to Cole the following day. Cole printed the photographs himself and provided them to Walters. The photographs are dated March 3, 2008, and show, among other things, a Gravely lawnmower.

On March 6, 2008, the magistrate judge issued a search warrant based upon an affidavit signed by Walters. In that affidavit, Walters stated: "CS-1 [Cole] has advised that CS-1 personally saw the lawnmower in a detached gray building located behind Hooks' residence." Mot. to Suppress, Ex. A, ¶9. He also stated: "CS-1 advised that CS-1 has seen large bags of Beneful dog food that was charged to the city in the detached garage at Hooks' residence." *Id.* at ¶11. Defendant argues the information upon which these two statements are based came from unlawful searches, and asks the Court to suppress the evidence obtained pursuant to the search warrant. The government contends that Cole, Cook, and Griffin were lawfully on defendant's premises when they made their observations and took the photographs.

The Fourth Amendment protects persons from unreasonable searches and seizures. "[I]t is a cardinal principle that searches conducted outside the judicial process without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *Horton v. California,* 496 U.S. 128, 133 n. 4 (1990) (citations omitted). One of those exceptions is the plain view doctrine. *United States v. Varner,* 481 F.3d 569, 572 (8th Cir.2007).

The Court finds the search of defendant's residence by Cole and Cook was reasonable and lawful. The evidence establishes that Cole and Cook were present at the invitation of defendant

and that the bags of dog food as well as the receipts were in plain view. The affidavit presented in support of the request for the search warrant states that Cole (CS-1) saw bags of Beneful dog food in defendant's "detached" garage. The evidence is clear, however, that Cole and Cook observed the bags of unopened dog food in a garage that was attached to the house. Walters admits he made a mistake in describing the garage but the Court finds the misstatement was not material. The evidence clearly supports a finding that Cole actually saw the dog food in the attached garage. The Court finds the search was lawful and the warrant was valid. Therefore, the motion to suppress evidence from the residence and attached garage that was obtained pursuant to the search warrant is denied.

The search of the detached gray storage building is another matter. The Fourth Amendment proscribes "only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *United States v. Jacobsen,* 466 U.S. 112, 113 (1984). "It has been held that where a search is physically conducted by a private individual but only at the government's initiation and under their guidance it is not a private search. Searches, not so clearly governmental however, must be judged according to the nature of the governmental participation in the search process." *United States v. Haes,* 551 F.2d 767, 770 (8th Cir. 1977). *See also Corngold v. United States,* 367 F.2d 1 (9th Cir. 1966)(where airline employee opened package only because government agent asked him to, search was a federal search).

Griffin was in the storage building at the invitation of defendant. He testified that the dog food was in a garbage can right inside the building's door. After he told Cole there were a lot of

items in the shop, Griffin returned and photographed the contents of the building at Cole's request. Cole was his supervisor at the SPD, and Griffin knew Cole was interested in the whereabouts of the Gravely lawnmower. He also knew that Cole had inquired about the dog food.

The Court finds the results of the search of defendant's detached storage building were obtained unlawfully. When Griffin went into the defendant's shop, he was acting with the defendant's consent but also as Cole's agent. In relating what he saw in the shop and taking photographs the following day, Griffin was acting as a police officer undertaking a search. He was assisting Cole in his investigation of defendant. The Court finds, based upon the level of governmental participation in the search, that the information used in the affidavit to support a finding of probable cause was obtained illegally.

In addition, the Court finds that Walter's statement that Cole had personally seen the lawnmower in the shop could have been materially misleading to the magistrate judge in finding probable cause for issuing the search warrant. Cole did not personally see the lawnmower; he saw it in photographs taken by Griffin at Cole's request. The affidavit contained no information about Griffin's photographs or the circumstances under which they were taken. The Court, therefore, grants the motion to suppress as to any evidence obtained as a result of the unlawful search of the defendant's storage building by Griffin.

IT IS THEREFORE ORDERED that the motion to suppress [docket entry 19] is granted in part and denied in part.

DATED this 29th day of May, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE