IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| vs. | * | No. 4:08CR00382-001 SWW |
| | * | |
| DAVID HOOKS | * | |
| | * | |
| | * | |

**Order**

Before the Court is defendant's motion to strike Counts 1-17 of the second superseding indictment and any previous indictments alleging a violation of 18 U.S.C. § 666(a)(1)(A). The government filed a response and defendant filed a reply to the response. For the reasons stated below, the motion is denied.

On June 3, 2009, the grand jury returned a second superseding indictment charging defendant with sixteen counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1346, and one count of embezzlement in violation of 18 U.S.C. § 666. The government charges defendant, the former chief of police in Sheridan, Arkansas, with purchasing items under the guise that they were for official police or city business when they were for his personal use and seeking and receiving reimbursement for those items. Defendant argues the sixteen mail fraud counts should be dismissed because the total amount of loss alleged in the indictment[1] does not merit a federal felony prosecution, and because the government fails to sufficiently allege a "scheme" to defraud. The government responds that the checks listed in the indictment and the documents associated

---

[1] The total of the sixteen checks set forth in the indictment is $7,337.16.

with them are not the only checks and supporting documentation it intends to introduce at trial, and the total amount involved is more than that listed in the indictment.

Section 1341 prohibits the use of the mails to execute "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . " Section 1346 provides that the term "scheme to defraud" includes a scheme "to deprive another of the intangible right of honest services." The Court finds that the indictment sufficiently sets out the scheme charged in the sixteen mail fraud counts.[2]

Defendant moves to strike Count 17 arguing that it fails to allege a violation of 18 U.S.C. § 666(a)(1)(A) because there is no identification of $5,000 worth of allegedly embezzled items or checks. The government agrees that one element of the offense of embezzlement is that the property must be valued at $5,000 or more. The government submits the evidence it intends to present at trial includes more than the checks identified in the indictment.[3]

The Court finds the motion to strike [docket entry 35]] should be and is hereby denied. The indictment sets out the scheme alleged in violation of § 1341 and sets forth the elements of the offense of embezzlement under § 666(a)(1)(A).

DATED this 7th day of October, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] Superseding Indictment, Count 1 through Count 16, ¶B.

[3] The checks set forth in the indictment for the time period alleged in Count 17 total $3,621.41. Defendant asserts that further review of other evidence not specifically referred to in the indictment could arguably make the total alleged unauthorized purchases for the dates identified in Count 17 as high as $4,505.71.